**Nicercio Jose PROCOPIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–1738–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Glenn L. Formica, Formica, P.C., New Haven, Connecticut, for Petitioner.

John W. Blakeley, Trial Attorney (Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. CAROL BAGLEY AMON, District Judge.\*\*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

\*\* The Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Nicercio Jose Procopio, a citizen of Brazil, petitions for review of the April 3, 2007 BIA order affirming the September 2, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b), and ordering him removed to Brazil. *In re Procopio,* A98 038 901 (B.I.A. Apr. 3, 2007), *aff'g* No. A98 038 901 (Immig.Ct.Hartford, Conn. Sept. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Procopio argues that the BIA erred in denying his application for cancellation of removal because it applied the wrong standard for "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review "exceptional and extremely unusual hardship" determinations by the BIA because they are discretionary judgments, *see Barco–Sandoval v. Gonzales,* 516 F.3d 35, 39 (2d Cir.2008), we retain jurisdiction under the REAL ID Act to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). "[T]he argument that a discretionary decision was 'based on a legally erroneous standard' raises a 'question of law'...." *Barco–Sandoval,* 516 F.3d 35, 40. However, as we held in *Barco–Sandoval,* Procopio's legal argument that the IJ erroneously applied the standard from *Matter of Monreal–Aguinaga,* 23 I. & N. Dec. 56 (B.I.A.2001), and not the standard from *Matter of Recinas,* 23 I. & N. Dec. 467 (B.I.A.2002), "is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco–Sandoval,* 516 F.3d 35, 40 ("*Recinas* is so obviously an application of *Monreal–Aguinaga,* leaving the latter's standard intact, that [the petitioner's] argument that the agency in-

correctly relied on *Monreal–Aguinaga* rather than *Recinas* in denying his application for cancellation of removal does not even reach the level of being colorable.").

■ We likewise lack jurisdiction to review Procopio's next argument that, in making its discretionary determination, the agency failed to properly consider all of his evidence, including testimony from his expert witness, such that he was denied due process of law. In certain circumstances, an IJ's fact-finding may be flawed by an error of law, "such as might arise where the IJ states that his decision was based on petitioner's failure to testify to some pertinent fact when the record of the hearing reveals unambiguously that the petitioner did testify to that fact." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). However, "regardless of the rhetoric employed in the petition," where, as here, the petitioner "merely quarrels over the correctness of the factual findings or justification for the discretionary choices," we lack jurisdiction to review the agency's determination. *Id.*

Finally, we lack jurisdiction to review Procopio's contention that a three-member panel of the BIA, rather than a single member, should have decided his case before the agency. *See Kambolli v. Gonzales,* 449 F.3d 454, 465 (2d Cir.2006) ("[W]e lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel.").

For the foregoing reasons, the petition for review is DISMISSED. The motion for stay of deportation is DENIED as moot.