**Zafar NAWAZ, Rubina Zafar, Petitioners,**

**v.**

Michael **MUKASEY**,* Attorney
General, Respondent.

Nos. 07–4390–ag (L), 07–4391–ag (con).

United States Court of Appeals,
Second Circuit.

May 1, 2008.

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Michael Mu-
kasey is automatically substituted for former
Acting Attorney General Peter D. Keisler as
the respondent in this case.

Zafar Nawaz, pro se, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Robin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Nawaz Zafar and Rubina Nawaz, natives and citizens of Pakistan, seek review of a September 18, 2007 order of the BIA affirming the November 16, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying their applications for cancellation of removal. *In re Nawaz Zafar/Rubina Nawaz*, Nos. A70 670 946/76 143 061 (B.I.A. Sept. 18, 2007), *aff'g* Nos. A70 670 946/76 143 061 (Immig. Ct. N.Y. City Nov. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA upholds the IJ's denial of relief, but affirms only portions of the IJ's decision, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007). Title 8, section 1229b of the U.S.Code provides that the Attorney General may grant cancellation of removal to nonpermanent residents who: a) have been physically present in the United States for not less than ten years; b) are of good moral character; c) have not been convicted of an offense under sections 212(a)(2), 237(a)(2), or 237(a)(3) of the INA; and d) establish that removal would result in exceptional and extremely unusual hardship to U.S.–citizen or permanent resident spouses, parents, or children. 8 U.S.C. § 1229b(b)(1). Here, the petitioners challenge the BIA's affirmance of the IJ's denial of cancellation of removal based on its conclusion that Nawaz and Rubina failed to demonstrate "exceptional and extremely unusual hardship" to their U.S.–citizen children. In response, the government argues that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the petitioners' challenge to the agency's denial of their applications for cancellation of removal. Indeed, we may not review an IJ's discretionary determination regarding whether to grant cancellation of removal unless the petitioner presents a constitutional claim or a question of law. *Barco–Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir.2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329–30 (2d Cir.2006); 8 U.S.C. § 1252(a)(2)(D).

In this case, we lack jurisdiction to review the agency's denial of the petitioners' applications for cancellation of removal. Even when construed broadly, *see Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002), the arguments that petitioners raise present neither constitutional claims nor questions of law, *see* 8 U.S.C. § 1252(a)(2)(D); *Barco–Sandoval*, 516 F.3d at 38–40. The petitioners' challenge to the agency's denial of cancellation of removal rests largely on their contention that the IJ failed to consider: (1) that Nawaz could not support his children in Pakistan; (2) that the children cannot

read, write, or speak Urdu or Punjabi; (3) that the children would be deprived of a "good education and would face serious health problems" in Pakistan; (4) the effects of Rubina's removal on her mother, brother, and sisters; (5) country background evidence indicating that Pakistan is a "dangerous" place in which to live; and (6) the psychological evaluation in the record regarding the effects on the children of living in Pakistan or being separated from their parents. However, these arguments address purely factual and discretionary findings made by the IJ. *See Barco–Sandoval,* 516 F.3d at 38–40. While a question of law may arise where fact-finding is flawed by an IJ's erroneous finding that a petitioner failed to testify to a fact when the record clearly indicates that he testified to that fact, the petitioners do not raise such a question here. *See Xiao Ji Chen,* 471 F.3d at 329 (*citing Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir. 2004)). Contrary to the petitioners' arguments, nothing in the IJ's decision indicates that he did not take into account the required factors to determine that they failed to establish "exceptional and extremely unusual hardship" to their U.S.–citizen children. Accordingly, the petitioners are "merely quarrel[ing] over the correctness of the factual findings or justification for the discretionary choices" of the IJ, and we do not have jurisdiction to consider their arguments. *See Xiao Ji Chen,* 471 F.3d at 324.

■ The petitioners also argue that the agency failed to consider the factors it set forth in *Matter of Recinas,* asserting that the BIA did not consider the effects of their removal on Rubina's mother, sisters, and brother. This does not constitute a question of law. In *Matter of Recinas,* 23 I. & N. Dec. 467 (BIA 2002), the BIA stated that "the hardship standard must be assessed solely with regard to the quali-fying relatives" in the case. *Id.* at 470. Here, Rubina's brother and sisters are not qualifying relatives under 8 U.S.C. § 1229b(b)(1). While Rubina's lawful permanent resident mother may qualify as a statutory relative, the petitioners have not provided any evidence that she would suffer any hardship should Rubina be removed from the United States. Contrary to the petitioners' argument, the IJ and the BIA committed no error in evaluating the relevant factors for "exceptional and extremely unusual hardship."

■ Lastly, the petitioners contend that conditions in Pakistan have worsened and submitted documents in support of that contention with their brief to this Court. However, as the Government argues, our review is limited only to the "administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A). We therefore cannot consider those documents. Nor will we remand for the purpose of ordering the BIA to consider evidence that is not in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Accordingly, the petitioners' argument fails.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.