**CHANG LIANG ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 07–5100–ag.**

United States Court of Appeals, Second Circuit.

Aug. 7, 2008.

John Chang, Esq., New York, NY, for Petitioner.

Nehal H. Kamani, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Liang Zheng, a citizen of China, seeks review of a BIA order dated November 6, 2007, dismissing his appeal from the May 2, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). *See In re Chang Liang Zheng,* No. A72 500 786 (BIA Nov. 6, 2007) *aff'g In re Chang Liang Zheng,* No. A72 500 786 (Immig. Ct. N.Y. City, May 2, 2006). Zheng argues that the agency erred as a matter of law in concluding that he had not demonstrated the "exceptional and extremely unusual hardship" to a U.S.-citizen relative necessary for establishing eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). We

assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where the BIA affirms the IJ's decision and emphasizes particular aspects of it, "we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We generally lack jurisdiction to review the BIA's discretionary "exceptional and extremely unusual hardship" determinations unless they raise either a constitutional claim or a question of law. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 38–39 (2d Cir.2008) (citing 8 U.S.C. § 1252(a)(2)(B)(i) (denying courts jurisdiction to review BIA denials of discretionary relief) and § 1252(a)(2)(D) (noting subsection (B) does not "preclud[e] review of constitutional claims or questions of law")). A petitioner may not "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006).

Mindful of these principles, we consider Zheng's argument that the agency's failure to identify the factors relevant to its decision afforded him inadequate process as a matter of law. We conclude that the record will not support this claim. The IJ listed many specific factors supporting her decision, including the fact that Zheng had sent his son, a United States citizen, to live in China for three years, where he apparently received schooling and attained fluency in Chinese, undermining Zheng's claim that removal to China would pose an exceptional and extremely unusual hardship to the child. In the BIA decision, which we review alongside the IJ's because both together form the final agency determination, *see Ming Xia Chen v. BIA,* 435 F.3d at 144, the Board held that the factors noted by the IJ, "whether considered

individually or cumulatively," failed to establish an exceptional hardship pursuant to § 1229b(b)(1)(D). *In re Chang Liang Zheng,* A72 500 786, at 1. Thus, Zheng's contention that the agency afforded him inadequate process as a matter of law by failing to explain its reasoning lacks any foundation in fact or law. *See Barco–Sandoval v. Gonzales,* 516 F.3d at 41 n. 6 ("If an argument is frivolous ... then regardless of the nomenclature or verbal formula used (*i.e.,* its rhetoric), we lack jurisdiction to review it.").

Because Zheng's petition for review of the BIA's discretionary decision presents no colorable question of law, we lack jurisdiction to review it further. Accordingly, the petition for review is DISMISSED.