**Ilona EFIMOVA, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 07–0464–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 10, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Daniel M. Pell, York, PA, for Petitioner.

Ada E. Bosque, Office of Immigration Litigation (Jeffrey S. Bucholtz, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Washington, DC, and Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, of counsel), Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. JED S. RAKOFF,** District Judge.

### SUMMARY ORDER

Ilona Efimova, a native and citizen of Russia, petitions this court for review of January 11, 2007, decision of the BIA denying her application for cancellation of removal under 8 U.S.C. § 1229b(a), vacating a decision of the IJ to grant cancellation of removal, and remanding to the IJ for entry of an order of removal. *In re Ilona Efimova*, No. A71–961–252, 2007 WL 275725 (B.I.A. Jan. 11, 2007), *rev'g* No. A71–961–252 (Immig. Ct. N.Y. City, July 7, 2006). We assume the parties' familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition for review.

** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District

Under 8 U.S.C. § 1252(a)(2)(B), "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under section ... 1229b." *See also Barco–Sandoval v. Gonzales*, 516 F.3d 35, 38 (2d Cir.2008); *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006). The only exception to this jurisdiction stripping provision is for "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

Efimova purports to make two legal arguments in challenging the BIA's decision. First, she argues that the BIA committed legal error by not articulating its standard of review. Second, she maintains that the BIA engaged in impermissible factfinding. In substance, neither argument is a question of law under section 1252(a)(2)(D), and we therefore have jurisdiction to entertain neither argument.

With respect to her first argument, Efimova does not explain how the BIA can commit legal error by failing to cite its standard of review. 8 C.F.R. § 1003.1 provides that "[t]he Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii). But neither this regulation, nor any other statute, regulation, or legal principle, requires the BIA to articulate this standard of review in rendering a decision. Indeed, we think Efimova's standard of review argument is no more than a proxy for her disagreement with the BIA's "justification for [its] discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006). We therefore are without juris-

of New York, sitting by designation.

diction to review the claim. *See id.*; *Barco–Sandoval*, 516 F.3d at 39.

With respect to her second argument, Efimova is correct that 8 C.F.R. § 1003.1(d)(3)(i) prohibits the BIA from "engag[ing] in de novo review of findings of fact determined by an immigration judge." It provides that "[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." *Id.* But Efimova has pointed to no impermissible factfinding by the BIA in her own case. She instead refers to the BIA's decision to quote portions of the record that were not emphasized by the IJ. And she characterizes the BIA's decision to balance the equities differently than the IJ did as factfinding. We disagree. We view her claim as a disagreement with the BIA's decision, based on the record evidence, to vacate the IJ's decision and deny her application for cancellation of removal. It was within the BIA's discretion to reach this conclusion and, under section 1252(a)(2)(B)(i), we lack jurisdiction to review it. *See Barco–Sandoval*, 516 F.3d at 39.

For the foregoing reasons, the petition for review of the decision of the Board of Immigration Appeals is hereby DISMISSED.