**Jose Alberto GALAN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

No. 08–5069–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2009.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner Jose Alberto Galan.

Tony West, Assistant Attorney General, Civil Division (Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation), U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and ROBERT D. SACK, and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Petition for review of an order of the Board of Immigration Appeals summarily affirming a decision of an Immigration Judge, which denied petitioner's application for cancellation of removal.

Petitioner Jose Alberto Galan, a native and citizen of the Dominican Republic, seeks review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming a decision of an Immigration Judge ("IJ"), which denied Galan's application for cancellation of removal pursuant to section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1).** *In re Jose Alberto Galan,* No. A75 936 652

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Eric H. Holder, Jr., for former Attorney General Michael B. Mukasey.

** In order to demonstrate eligibility for cancellation of removal, a petitioner must show that he: "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title . . .; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Only the fourth requirement is at issue in this case.

(B.I.A. Sept. 15, 2008), *aff'g* No. A75 936 652 (Immig. Ct. Hartford, CT Jan. 31, 2008). We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented by this petition.

We lack jurisdiction to review the determination of whether "exceptional and extremely unusual hardship" exists for the purpose of cancellation of removal pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). *See Barco–Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir.2008); *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006). The IJ denied Galan's petition on the grounds that Galan had not demonstrated that his removal would result in the requisite exceptional and extremely unusual hardship to his United States citizen spouse. This is a discretionary decision that we have no jurisdiction to review.

Although section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D), restores this Court's jurisdiction for the review of "constitutional claims or questions of law," Galan fails to raise any such jurisdiction-restoring issues in his petition for review. The thrust of Galan's argument is that the IJ ignored "the report of Dr. Holmes [and] the credible and compelling testimony presented which document the extreme difficulties [Galan's] wife has been experiencing in efforts to cope with the loss of her son." Petitioner's Br. at 17. In particular, Galan argues that the IJ deprived him of due process of law and a fair hearing because the IJ "failed to consider or ignored relevant and probative evidence" regarding Galan's wife's emotional and psychological state following the death of one of her sons in an automobile accident. *Id.* at 18–19.

However, the IJ described and considered Dr. Holmes's report and the testimony relating to Galan's wife's emotional and psychological state. The IJ took note of the "emotional hardship" claimed by Ga-

lan's wife and "the emotional impacts of the separation" in light of "the horrible tragedy that happened to this family with the death of the child of [Galan's] wife." Galan "cannot use the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Barco–Sandoval*, 516 F.3d at 39 (internal quotation marks, citation, and modification omitted).

For the foregoing reasons, the petition for review of the order of the BIA is hereby DISMISSED.