SUMMARY ORDER

Petitioner Anny Miosoty Velazquez-Jimenez (“Velazquez”), a native and citizen of the Dominican Republic, seeks review of a December 27, 2007 order of the BIA affirming the September 20, 2007 decision of the Immigration Judge (“IJ”) which denied Velazquez’s request for an adjournment of removal proceedings and ordered her removed. In re Velazquez-Jimenez, No. A37 642 987, 2007 WL 4711456 (B.I.A. Dec. 27, 2007). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
Velazquez pled guilty in New York state court to a single count of arson in the third degree, was sentenced to a term of three to six years’ imprisonment, and did not appeal the conviction. However, she did file a collateral attack seeking to vacate her guilty plea pursuant to New York CPL § 440.10 (the “440 motion”) on the grounds that her guilty plea was not knowing and voluntary.
At a removal hearing on September 20, 2007, she requested an adjournment of removal proceedings pending the outcome of her 440 motion. The IJ denied her request, and ordered her removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an “aggravated felony”.
Velazquez now appeals the denial of her request for an adjournment, arguing that the IJ failed to consider the underlying merits of her 440 motion, and failed to explain why Velazquez had not shown the requisite “good cause” for an adjournment.
This Court generally lacks jurisdiction to review any final order of removal against an alien removable by reason of having committed an aggravated felony, unless the petitioner raises either a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(D); see also Noble v. Keisler, 505 F.3d 73, 77 (2d Cir.2007). Further, a petitioner may not “us[e] the rhetoric of a ‘constitutional claim’ or ‘question of law’ to disguise what is essentially a quarrel about fact-finding or the exercise of discretion.” Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008) (quoting Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 330 (2d Cir.2006)).
Here, the decision to deny an adjournment was a matter for the IJ’s discretion. See Morgan v. Gonzales, 445 F.3d 549, 551 (2d Cir.2006); Zafar v. U.S. Attorney Gen., 461 F.3d 1357, 1362 (11th Cir.2006)(“The grant of a continuance is within the IJ’s broad discretion”). Velazquez’s argument that the IJ (and BIA) committed legal error by failing to show good cause for the decision does not raise a constitutional claim or question of law over which we may exercise jurisdiction.* See Xiao Ji Chen, 471 F.3d at 329 (finding a lack of jurisdiction where “the petition for review essentially disputes ... the wisdom of [an IJ’s] exercise of discretion and raises neither a constitutional claim nor a question of law”).
For the foregoing reasons, we lack jurisdiction over this case and the petition for review is DISMISSED.

 Contrary to petitioner’s contention otherwise, we are not presented with a situation where the petitioner's collateral attack has clear merit on its face.