09-3387-ag
Muriel Patino v. Holder

BIA
Straus, IJ
A097 156 871
A097 156 872
A097 156 870

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of May, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

CESAR AUGUSTO MURIEL PATINO, LUZ STELLA RAMIREZ GIRALDO, DANIEL AUGUSTO MURIEL RAMIREZ,
> *Petitioners*,

v.                                          09-3387-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONERS:        Glenn L. Formica, New Haven, Connecticut.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Shelley R. Goad, Assistant

**Director; Terri Leon-Benner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioners, all natives and citizens of Colombia, seek review of a July 14, 2009, order of the BIA affirming the May 1, 2008, decision of Immigration Judge ("IJ") Michael W. Straus which: (1) pretermitted Ramirez-Giraldo's application for asylum; (2) denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"); (3) pretermitted Ramirez-Giraldo's and Muriel Ramirez's applications for cancellation of removal; and (4) denied Muriel-Patino's application for cancellation of removal. *In re Muriel Patino, et. al.*, Nos. A097 156 871/872/870 (BIA July 14, 2009), *aff'g* Nos. A097 156 871/872/870 (Immig. Ct. Hartford, CT, May 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Withholding of Removal**

Substantial evidence supports the IJ's denial of Ramirez-Giraldo's application for withholding of removal.[1]  Although she now argues that she suffered past persecution, she made no such claim before the IJ, alleging in her asylum application only that her brother, Gustavo, had been threatened after she had departed for the United States.  Moreover, the IJ reasonably determined that Ramirez-Giraldo did not establish a clear probability of future persecution based solely on those alleged threats.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best.").  In denying relief, the IJ also reasonably noted that much of Ramirez-Giraldo's family

---

[1] Despite the Government's argument, we decline to dispose of this claim on exhaustion grounds, addressing instead the BIA's alternative affirmance of the IJ's denial of withholding of removal.

remains in Colombia unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that because the asylum applicant's mother and daughters continued to live in her native country unharmed, her claim of a well-founded fear was weakened).

**II. Cancellation of Removal**

We lack jurisdiction to review the agency's denial of Muriel Patino's application for cancellation of removal based on his failure to establish "exceptional and extremely unusual hardship" to his United States citizen son. 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). While we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction," *Barco-Sandoval*, 516 F.3d at 40. Likewise, we lack jurisdiction to review purported constitutional claims or questions of law when the argument "merely quarrels over the correctness of the factual findings or justification for . . . discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). In this case,

4

although Cesar purports to raise errors of law in the agency's decisions, in substance his arguments simply amount to challenges to the agency's factual findings over which we lack jurisdiction. *See Barco-Sandoval*, 516 F.3d at 40; *see also Xiao Ji Chen*, 471 F.3d at 329. We dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk