10-570-ag
Manikam v. Holder

BIA
Straus, IJ
A088 190 058

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand eleven.

PRESENT:
   ROBERT A. KATZMANN,
   BARRINGTON D. PARKER,
   DEBRA ANN LIVINGSTON,
      *Circuit Judges*.

_____

MELISSA DASHNIE MANIKAM,
      *Petitioner*,

      v.                                    10-570-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:        Robert C. Ross, West Haven, Conn.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Mark C. Walters, Senior Litigation
                       Counsel; Glen T. Jaeger, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Melissa Dashnie Manikam, a native and citizen of South Africa, seeks review of a January 21, 2010, decision of the BIA affirming the April 22, 2008, decision of Immigration Judge ("IJ") Michael W. Straus denying her motion for a continuance and granting her request for voluntary departure with an alternate order of removal. *In re Melissa Dashnie Manikam*, No. A088 190 058 (B.I.A. Jan. 21, 2010), *aff'g* No. A088 190 058 (Immigr. Ct. Hartford Apr. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The sole claim that the petitioner raises on appeal is that her decision to file a petition for review in this Court should not have had the effect, pursuant to 8 C.F.R. § 1240.26(i), of terminating the BIA's grant of voluntary departure.[1]  She argues that the application of this

---

[1] Manikam abandoned in her opening brief the claim that presumably prompted this appeal, that the agency's denial of her motion for a continuance constituted an abuse of discretion, conceding that it would be frivolous to maintain the argument on appeal.

regulation to her case was impermissibly retroactive, because she had applied for and accepted voluntary departure from the IJ prior to the regulation's effective date. The government contends that we lack jurisdiction to hear the petitioner's appeal on this issue.

As a general matter, we lack jurisdiction to review any regulation issued by the Attorney General that limits an alien's eligibility for voluntary departure pursuant to 8 U.S.C. § 1229c(e). However, we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), although this exception does not extend to a "legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). Here, while we conclude that the petitioner's retroactivity claim is ultimately without merit, it is not so frivolous as to deny us jurisdiction over the claim. *See id.* at 41 n.6 ("If an asserted constitutional claim or question of law is colorable, we have jurisdiction to review it, whether or not it is ultimately found to be meritorious.").

Whether the challenged regulation has retroactive effect is a legal question, which we review de novo, *see Manzur v.*

3

*DHS*, 494 F.3d 281, 288 (2d Cir. 2007). While Congress can delegate to an agency the power to engage in retroactive rulemaking through a sufficiently clear statement, *see City of New York v. Permanent Mission of India to United Nations*, 618 F.3d 172, 195 (2d Cir. 2010), the regulation at issue here specifically disclaims any retroactive effect, *see* Voluntary Departure: Effect of a Motion to Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 76,936 (Dec. 18, 2008) (codified at 8 C.F.R. pts 1240 & 1241). The inquiry thus becomes whether this regulation, despite claiming to operate prospectively only, has retroactive effect in its application in this case. A regulation has such an effect "when it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Samuels v. Chertoff*, 550 F.3d 252, 260 (2d Cir. 2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 321 (2001)). In deciding whether a particular statute or regulation acts retroactively, we are "informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations." *St. Cyr*, 533 U.S. at 321 (internal quotation marks omitted).

4

As a preliminary matter, the challenged regulation does not in fact prevent a petitioner in Manikam's position from bringing a petition for review of the BIA's decision to this Court while remaining entitled to a grant of voluntary departure. It merely requires that, to pursue such an appeal, the alien depart the United States within 30 days of filing the petition for review and provide evidence to DHS that she has departed and remains outside the United States while her appeal is pending. *See* 8 C.F.R. § 1240.26(i); *cf. Samuels*, 550 F.3d at 260 (noting, in finding a regulation not to have retroactive effect, that it did not make it impossible for an immigrant to obtain a certain waiver but rather simply made it more difficult).

Conditioning entitlement to voluntary departure on such a restriction of the petitioner's ability to seek review of a BIA decision simply does not constitute an impairment of any settled expectation on the petitioner's part. As the government notes, the decision to grant voluntary departure is a discretionary one, such that a petitioner cannot ordinarily be thought to have a settled expectation in receiving this "discretionary form of relief." *Dada v. Mukasey*, 554 U.S. 1, 8 (2008). Even after the petitioner was initially granted

voluntary departure by the IJ in April 2008, she cannot be said to have a settled expectation of a stay of the order while pursuing an appeal before this Court, as such a stay is also a discretionary remedy that depends in part on the petitioner's likelihood of success on appeal. *See Thapa v. Gonzales*, 460 F.3d 323, 329, 334 (2d Cir. 2006); *see also Nken v. Holder*, 129 S. Ct. 1749, 1757 (2009) ("A stay . . . 'is not a matter of right . . . .'" (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Further, despite the petitioner's contention, the regulation at issue in this case "does not alter the *quid pro quo* between the Government and the alien." *Dada*, 554 U.S. at 21. Here, the government has not "received benefits without costs," *id.*, but rather simply conditionally granted the petitioner voluntary departure as an alternative to deportation after both the IJ and BIA denied her request for a continuance. There is simply no basis for concluding that in deciding to accept voluntary departure under these circumstances the petitioner was reasonably relying on a continued ability to seek a stay of the voluntary departure order while seeking judicial review of a BIA decision or that her *quid pro quo* with the government was otherwise altered.

Finally, the BIA provided Manikam with fair notice that filing a petition for review would terminate the agency's grant of voluntary departure. Whatever ambiguity existed as to the new rule's scope of application when it was originally published for comment, at the time Manikam decided to bring a petition for review to this Court, she had clear notice from the text of the regulation as well as from the BIA decision itself that in doing so she would lose her entitlement to voluntary departure. In light of these considerations, it is evident that 8 C.F.R. § 1240.26(i) did not have an impermissible retroactive effect in its application to the proceedings in Manikam's case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7