10-1449-ag
Jones v. Holder

BIA
A020 421 613

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand eleven.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MARIANIE NOZE JONES, AKA CALINA JONES,
> *Petitioner,*

v.                                          10-1449-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Douglas B. Payne, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Rachel Browning, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Marianie Noze Jones, a native and citizen of Haiti, seeks review of a March 22, 2010, order of the BIA denying her motion to reopen. *In re Marianie Noze Jones*, No. A20 421 613 (B.I.A. Mar. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Jones is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1182(a)(2) (relating to convictions of crimes of moral turpitude), we lack jurisdiction to review the agency's factual findings and discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(C). Although we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Jones's challenge to the BIA's determination that her motion to reopen was untimely filed and that she failed to establish eligibility for an exception to the timeliness requirement raises no such argument. Jones contends that the BIA's "gross errors"

deprived her of due process. A petitioner must do more than merely assert that some error violated her due process rights. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (concluding that the Court lacks jurisdiction to review "insubstantial and frivolous" constitutional claims and questions of law). Instead, the petitioner must assert a claim that actually raises a substantial constitutional question. Here, Jones fails to assert such a claim, as the substance of Jones's arguments is only that the BIA erred in finding that the changes in Haiti due to natural disasters were not material to her claims for asylum, withholding of removal, and relief under the Convention Against Torture. Her unsupported and conclusory constitutional claim does not provide us with jurisdiction to review the agency's fact-finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

To the extent Jones alleges a violation of due process because she contends that the agency failed to consider material evidence, this argument is also so insubstantial that it does not provide us with jurisdiction. *See Barco-Sandoval*, 516 F.3d at 40. Jones's cursory contention that the BIA did not consider evidence of country conditions is belied by her contrary contention that the BIA erred in

3

its assessment of that evidence.  Moreover, contrary to her assertions, the BIA did explicitly refer to Jones's evidence of changed conditions in Haiti, and this Court does not require the BIA to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" to establish that it has considered the evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4