Yang v. Holder

BIA
Nelson, IJ
A088 958 238

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of September, two thousand twelve.

PRESENT:
>            DENNIS JACOBS,
>                  *Chief Judge,*
>            GUIDO CALABRESI,
>            SUSAN L. CARNEY,
>                  *Circuit Judges.*

_____

HENGWEN YANG, AKA HENG WEN YANG,
>            *Petitioner,*

>            v.                                             11-2050

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:          Galab B. Dhungana, New York, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Richard M. Evans,
                         Assistant Director; Jeffrey J.
                         Bernstein, Trial Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Hengwen Yang, a native and citizen of China, seeks review of an April 26, 2011, order of the BIA, affirming the March 29, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his applications for adjustment of status and cancellation of removal. *In re Hengwen Yang*, No. A088 958 238 (B.I.A. Apr. 26, 2011), *aff'g* No. A088 958 238 (Immig. Ct. N.Y. City Mar. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to review the agency's denial of an application for cancellation of removal based on the alien's failure to establish "exceptional and extremely unusual hardship." *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008); *see also* 8 U.S.C. § 1252(a)(2)(B). While we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Yang's challenge raises

2

neither; it takes issue with the agency's discretionary hardship determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

Yang's argument that the agency failed to consider his hardship evidence is cast in terms of a question of law, but his contentions are unsupported by the record. For example, while Yang argues that the agency failed to consider his status as his family's sole means of support, the agency noted that his U.S.-citizen wife (who was not employed) was physically able to maintain employment and that the record did not establish that she would be unable to adequately provide for the family. Similarly, although Yang asserts that the agency ignored the ten-year separation from his family that may result from his removal, *see* 8 U.S.C. § 1182(a)(9)(A)(ii)(II), the IJ noted that Yang could seek a waiver. Further, although Yang contends that the agency failed to consider the hardship that his U.S.-citizen children would suffer adjusting to life in China, Yang represented that his wife and children would not accompany him to China if he were removed.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk