Jiang v. Whitaker

BIA
Poczter, IJ
A205 445 792

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand nineteen.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JING ZHI JIANG,
> *Petitioner,*

> v.                                            16-3096
                                                 NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John Chang, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy
                       Assitant Attorney General; Carl
                       McIntyre, Assistant Director;
                       Kevin J. Conway, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jing Zhi Jiang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2016, decision of the BIA affirming a January 22, 2015, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Zhi Jiang,* No. A205 445 792 (B.I.A. Aug. 25, 2016), *aff'g* No. A205 445 792 (Immig. Ct. N.Y. City Jan. 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Jiang does not challenge the agency's denial of asylum, withholding of removal, and CAT relief, we have reviewed the IJ's and BIA's decision only as to cancellation of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief); *see also Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006) (reviewing both decisions "for the sake of completeness"). The only issue

before us is Jiang's argument that he established that his removal would cause his U.S. citizen wife and children exceptional and extremely unusual hardship as required for cancellation of removal.

Our jurisdiction to review the agency's hardship determination is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Jiang argues that the agency erred in declining to credit an expert medical opinion that his wife's depression would worsen if she accompanies Jiang to China. This argument merely quarrels with the agency's factual determination that

3

Jiang failed to establish that his wife suffers depression because Jiang testified that his wife sought the opinion only for purposes of his removal proceedings and had not otherwise sought treatment.

Because Jiang does not raise a colorable constitutional claim or question of law, we are without jurisdiction to further review the agency's decision. *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B), (D).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4