*Barrientos Palacios v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-three.**

**PRESENT:**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> **EUNICE C. LEE**
>    *Circuit Judges.*

---

**Leonel Arnoldo Barrientos Palacios,**
**Mildred Yojana Orellana Tejada,**

   *Petitioners,*

  v.          **22-6494**

**Merrick B. Garland,**
**United States Attorney General,**

   *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONERS:** | Usman B. Ahmad, Long Island City, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Principal Deputy Assistant, Attorney General; Dawn S. Conrad, Senior Litigation Counsel; A. Ashley Arthur, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioners Barrientos Palacios and Orellana Tejada ("Petitioners"), natives and citizens of Guatemala, seek review of a September 19, 2022 decision of the BIA affirming a December 18, 2018 decision of an Immigration Judge ("IJ") denying their application for cancellation of removal for certain non-permanent residents. *In re Barrientos Palacios*, Nos. A099 089 711/205 218 832 (B.I.A. Sept. 19, 2022), *aff'g* No. A099 089 711 (Immigr. Ct. N.Y.C. Dec. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). When applying for cancellation of removal, Petitioners bear the burden to prove eligibility for relief from removal and to establish that they merit a favorable exercise of discretion. *See* 8 U.S.C. § 1229a(c)(4)(A). Statutory eligibility for cancellation of removal requires that Petitioners show, among other elements, that their "removal would result in exceptional and extremely unusual hardship" to their lawful permanent resident or U.S. citizen spouse, parent, or child. *See* 8 U.S.C. § 1229b(b)(1). The BIA concluded that Petitioners did not establish the requisite hardship to their qualifying relatives. The BIA also declined to exercise its discretion in favor of Petitioners. It noted that it had considered Petitioners' "favorable equities," including Orellana Tejada's lack of criminal history, Barrientos Palacios's steady employment history, and both Petitioners' support to their children, but "the dearth of candor, and the gravity of the allegations of sexual abuse of a minor against [Barrientos Palacios], weigh against a favorable exercise of discretion."

2

Our jurisdiction to review the agency's denial of cancellation of removal is limited to colorable legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2007). "[W]e are obliged to dismiss any claim [] that essentially disputes the correctness of the agency's factfinding or the wisdom of its exercise of discretion." *Hernandez v. Garland*, 66 F. 4th 94, 101 (2d Cir. 2023) (alteration in original) (citation and internal quotation marks omitted).

Here, the BIA gave two independent reasons for denying cancellation of removal: (1) that Petitioners failed to demonstrate the required hardship to their U.S.-citizen children, and (2) that they did not merit cancellation as a matter of discretion.

Petitioners do not challenge the latter conclusion. Thus, we deem any such challenge abandoned. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding claim abandoned when it was not raised in petitioner's brief). The decision to deny cancellation as a matter of discretion is an independent and dispositive ground for denying this form of relief. *See* 8 U.S.C. § 1229b(b)(1) (stating that the agency "may" cancel removal of an applicant who satisfies eligibility requirements); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) ("[A]ssuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief.").

Moreover, that decision is a matter of discretion that we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Rodriguez,* 451 F.3d at 62 (stating that "we have no jurisdiction to review the . . . discretionary determinations concerning either cancellation of removal or adjustment of status"). Because the agency's discretionary denial of relief, which we

3

may not review and which in any event Petitioners do not challenge, is dispositive of their application, we need not consider their challenge to the agency's decision on eligibility.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4