09-3300-ag
Chicas v. Holder

BIA
Nelson, IJ
A029 066 683

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand ten.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

JUAN CARLOS CHICAS,
*Petitioner*,

v.                                          09-3300-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Bruno Joseph Bembi, Hempstead,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Leslie McKay, Assistant
                       Director; Kristofer R. McDonald,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Juan Carlos Chicas, a native and citizen of El Salvador, seeks review of a July 10, 2009, order of the BIA, affirming the October 18, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for cancellation of removal, special rule cancellation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), asylum, and withholding of removal. *In re Juan Carlos Chicas*, No. A029 066 683 (B.I.A. July 10, 2009), *aff'g* No. A029 066 683 (Immig. Ct. N.Y. City Oct. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008);

2

*Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

## I. NACARA and Cancellation of Removal

As the Government argues, to the extent that Chicas's claims with respect to cancellation of removal and special rule cancellation of removal under NACARA do not raise constitutional claims or questions of law, but instead request that we re-weigh the evidence, we lack jurisdiction to review his arguments. *See* NACARA § 203(a)(1), Pub. L. 105-100, 111 Stat. 2160, 2197-98 (stating that NACARA is also subject to the jurisdiction-stripping provisions of 8 U.S.C. 1252(a)(2)(B)); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-39 (2d Cir. 2008). Moreover, Chicas's unsubstantiated assertions that the agency ignored evidence do not raise a reviewable claim because the record indicates that the IJ considered the evidence, but found that a favorable exercise of discretion was not warranted due to the petitioner's convictions for drinking and driving. Accordingly, we dismiss the petition for review to this extent. *See Barco-Sandoval*, 516 F.3d at 39-40.

Chicas also argues that the IJ "pretermitted" testimony regarding the hardship his family would suffer upon his

removal. Because this claim arguably raises Chicas's constitutional right of due process, we maintain jurisdiction to review it pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir. 2006). Nonetheless, we find this claim to be without merit because Chicas's counsel did not object to the IJ's direction to address Chicas's arrests, and counsel was allowed to, and did, present the testimony of Chicas's wife and son concerning the hardship on his family. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006).

As the Government correctly points out, Chicas raises a host of arguments in his brief that he failed to exhaust before the agency. We decline to entertain these arguments in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

## II. Asylum and Withholding of Removal

Chicas argues that agency erred in denying his application for asylum because he demonstrated that he suffered past persecution on account of his membership in the social group of orphans and his imputed political

4

opinion. Although Chicas claimed that he was traumatized by the consequences of the civil war in El Salvador, general violence that is not on account of a protected ground is insufficient to establish eligibility for asylum. *See* 8 U.S.C. § 1101(a)(42); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999). The agency reasonably found in this case that Chicas failed to show that his experiences in El Salvador constituted past persecution on account of a protected ground. *See Melgar de Torres*, 191 F.3d at 314 n.3.; *cf. Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 149-150 (2d Cir. 2006) (IJ erred in failing to consider evidence that violence in El Salvador was aimed at petitioner's particular social group of Mayans).

Because the agency reasonably determined that Chicas did not establish past persecution, he was not entitled to a presumption of future persecution. *See* 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1). Insofar as Chicas does not argue that he established a well-founded fear of persecution, we find no basis to disturb the agency's finding that he did not do so. Finally, because the agency reasonably found that Chicas did not establish his claim of past persecution, it did not err in declining to address the possibility of "humanitarian asylum" pursuant to 8 C.F.R.

5

§ 1208.13(b)(1)(iii)(B). *See Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010) (recognizing that the regulations provide for humanitarian asylum for an alien who, *inter alia*, has suffered past persecution). Accordingly, the agency did not err in denying his applications for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk