09-2892-ag
McKenzie v. Holder

BIA
Vomacka, IJ
A037 141 191

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges*.

_____

NIGEL PAUL MCKENZIE,
            *Petitioner*,

            v.                                09-2892-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS,
            *Respondents*.

_____

FOR PETITIONER:        Vivian M. Williams, New York, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director ; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nigel Paul McKenzie, a native and citizen of Guyana, seeks review of the May 29, 2009, order of the BIA affirming the January 6, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for a waiver of inadmissibility under former Immigration and Nationality Act § 212(c) (repealed 1996) and his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Nigel Paul McKenzie*, No. A037 141 191 (B.I.A. May 29, 2009), *aff'g* No. A037 141 191 (Immig. Ct. N.Y. City Jan. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section 212(a)(2)." Here, the Notice to Appear charged McKenzie with inadmissibility under INA § 212(a)(2)(A)(i)(II) based on his conviction for a controlled substance violation. Therefore, we are without jurisdiction to consider the BIA's removal order. 8 U.S.C. § 1252(a)(2)(C); *see also Noble v. Keisler*, 505 F.3d 73, 77 (2d Cir. 2007). We similarly lack jurisdiction to consider the BIA's discretionary denial of McKenzie's application for a waiver of inadmissibility under former INA § 212(c). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Nethagani v. Mukasey*, 532 F.3d 150, 154 n.2 (2d Cir. 2008). Notwithstanding these provisions, we retain jurisdiction to consider any "constitutional claims or questions of law" raised in McKenzie's petition for review. 8 U.S.C. § 1252(a)(2)(D).

McKenzie argues that the BIA erred by failing to consider his children's medical history, the separation of his family, and the financial difficulties and hardship his family would face if he were deported in assessing his

3

eligibility for a waiver of inadmissibility. To the contrary, the BIA explicitly referred to "evidence of hardship to the respondent and family if deportation occurs," as well as noting that McKenzie's "two youngest children suffer from serious medical conditions" and that "removal will unquestionably cause them hardship since they could be deprived of his financial and emotional support." Thus, McKenzie is essentially disputing the weight that the BIA chose to give to each of these factors, and, as noted above, the Court lacks jurisdiction to consider that argument. *See* 8 U.S.C. § 1252(a)(2)(B); *Nethagani*, 532 F.3d at 154 n.2. McKenzie also argues that the IJ erred by giving "undue weight" to issues that arose after he "initially pleaded to allegations giving rise to the charges of deportability." Again, he is merely disputing the correctness of the IJ's discretionary balancing of the equities. *See* 8 U.S.C. § 1252(a)(2)(B). Furthermore as the government asserts, McKenzie "cites no law to support the novel proposition that an Immigration Judge may not consider facts arising after an alien pleads to charges of removability when adjudicating the alien's claims for relief from removal."

With respect to his application for withholding of removal and CAT relief, McKenzie argues that the BIA committed legal error by applying a "more than 50%" likelihood standard to his claims for withholding of removal and CAT relief. This argument raises a question of law which we retain jurisdiction to review. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-41 (2d Cir. 2008). However, the record indicates that the BIA applied the correct "more likely than not standard" to those claims. *See Gao v. Gonzales*, 424 F.3d 122, 128-29 (2d Cir. 2005); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987). Furthermore, McKenzie failed to exhaust his argument that he demonstrated a nexus to a protected ground based on his cousin's alleged "entrapment" by not raising that issue before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Finally, McKenzie's argument that the IJ's decision was contradictory with respect to whether he demonstrated sufficient rehabilitation is again a dispute over the IJ's exercise of discretion, and we are therefore without jurisdiction to consider it. *See* 8 U.S.C. § 1252(a)(2)(B), (C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk