10-2741-ag
Mendoza v. Holder
BIA
Straus, IJ
A072 563 788

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand eleven.

PRESENT:
>           ROGER J. MINER,
>           GUIDO CALABRESI,
>           RAYMOND J. LOHIER, JR.,
>                   *Circuit Judges.*

_____

SANDRA MARIA MENDOZA,
>           *Petitioner,*

>           v.                                        10-2741-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Glenn L. Formica, New Haven, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Linda Wernery, Assistant Director; James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Sandra Maria Mendoza, a native and citizen of Guatemala, seeks review of a June 10, 2010 order of the BIA affirming the July 25, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, which denied her applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Sandra Maria Mendoza*, No. A072 563 788 (B.I.A. June 10, 2010), *aff'g* No. A072 563 788 (Immig. Ct. Hartford, July 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.    Asylum, Withholding of Removal and CAT Relief**

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear.  8 C.F.R. § 1208.13(b)(1)(2011).  Here, the agency noted that the civil war in Guatemala between the government and the guerillas ended over ten years ago.  Accordingly, substantial evidence supports the agency's finding that there was a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear of persecution by Guatemalan guerillas.  Moreover, after Mendoza was shot, she moved from her hometown of Jutiapa, Guatemala, to Guatemala City, where she lived for five years without incident.  As a result, even if Mendoza had a well-founded fear of future persecution if she were to return to Guatemala, the record shows that she could avoid persecution by relocating to another part of the country.  *See* 8 C.F.R. § 208.13(b)(2)(ii)(2011).  Consequently, substantial evidence supports the agency's finding that Mendoza does not have a well-founded fear of persecution should she return to

3

Guatemala. Furthermore, although Mendoza was shot in the leg, because the injuries she suffered did not limit her ability to earn a living or affect her psychologically to any great extent, the agency did not abuse its discretion in determining that she did not merit a humanitarian grant of asylum. *See* 8 U.S.C. § 1252(b)(4)(D); *Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir. 2006) (per curiam)(upholding the denial of humanitarian asylum to a supporter of the Democratic Party in Albania who had been beaten and harassed on six occasions); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006).

Although Mendoza argues that she will likely be tortured if removed to Guatemala, she has presented no evidence other than general assertions of violent gang activity, which are insufficient to demonstrate her eligibility for CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(2011); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (concluding that particularized evidence showing the likelihood of torture is necessary to establish eligibility for CAT protection).

**II. Cancellation of Removal**

Mendoza's petition for review of the agency's denial of her application for cancellation of removal simply amounts to a challenge to the agency's *factual* findings regarding "exceptional and extremely unusual hardship," over which this court lacks jurisdiction. *See* 8 U.S.C.§§ 1229b(b)(1), 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). Although pursuant to the REAL ID Act we retain jurisdiction to review constitutional claims and questions of law, we "lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *See* 8 U.S.C. § 1252(a)(2)(D)(2006); *Barco-Sandoval*, 516 F.3d at 40 (citations omitted). Mendoza argues that agency erred as a matter of law by applying the wrong legal standard when considering whether her son would experience the requisite hardship if she were removed to Guatemala, because the IJ only considered the standard as set out in *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56 (B.I.A. 2001). This argument is specifically foreclosed by *Barco-Sandoval* as being "so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." 516 F.3d at 40. Mendoza does not raise a colorable question of law, and, accordingly, we

dismiss the petition for lack of jurisdiction as to the challenge to the denial of cancellation. *See* 8 U.S.C. § 1252(a)(2)(B)(2006); *Barco-Sandoval*, 516 F.3d at 39.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6