Al Harbi v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
                                    Chief Judge,
             JOSÉ A. CABRANES,
             RICHARD C. WESLEY,
                                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
AMRAN ALI AL HARBI,
        Petitioner,

              -v.-                                      10-3808

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        Respondent.
- - - - - - - - - - - - - - - - - - - -X


FOR PETITIONER:              Elaine Cheung, Philadelphia, PA.

FOR RESPONDENT:              Tony West, Assistant Attorney
                             General, Civil Division; Richard

1

M. Evans, Assistant Director; Jeffrey J. Bernstein, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DISMISSED.**

Petitioner Amran Ali Al Harbi ("Al Harbi"), a native and citizen of Yemen, seeks review of an August 23, 2010, order of the BIA affirming the August 4, 2009, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying voluntary departure and ordering Al Harbi's removal to Yemen. In re Amran Ali Al Harbi, No. A043 549 006 (B.I.A. Aug. 23, 2010), aff'g No. A043 549 006 (Immig. Ct. Buffalo Aug. 4, 2009). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The petition for review argues that Al Harbi did not commit a crime of moral turpitude, that he did not commit a crime of violence, and that his defense counsel failed to advise him of the immigration consequences of entering a guilty plea. Al Harbi did not challenge his removability before the BIA and conceded removability before the IJ. Because Al Harbi failed to exhaust these arguments, we lack jurisdiction to review them. See Foster v. INS, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam) (citing 8 U.S.C. § 1252(d)). In any event, Al Harbi was not found removable based on commission of an aggravated felony, but based on commission of a crime of moral turpitude. See 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" to include a crime of violence).

This Court lacks jurisdiction to review a final order of removal against an alien removable by reason of having committed a crime of moral turpitude, except for constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); § 1182(a)(2) (relating to crimes of moral turpitude). Al Harbi raises no such cognizable claims or questions. See Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any

2

legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.").

For the foregoing reasons, the petition for review is **DISMISSED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.  Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK