11-3438-ag
Edouard v. Holder

BIA
Straus, IJ
A070 689 193

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand twelve.

PRESENT:
>JOSEPH M. McLAUGHLIN,
>JOSÉ A. CABRANES,
>BARRINGTON D. PARKER,
>>*Circuit Judges.*

_____

STEVE EDOUARD,

>*Petitioner,*

>v.                                             11-3438-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

>*Respondent.*

_____

FOR PETITIONER:        Glenn T. Terk, Wethersfield, CT.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lauren E. Fascett, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Steve Edouard, a native and citizen of Haiti, seeks review of a July 27, 2011, order of the BIA, affirming the March 24, 2011, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Steve Edouard*, No. A070 689 193 (B.I.A. July 27, 2011), *aff'g* No. A070 689 193 (Immig. Ct. Hartford Mar. 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction, under 8 U.S.C. § 1252(a)(2)(C), to review a final order of removal resulting from a conviction for an aggravated felony. Notwithstanding this

2

provision, however, we retain jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Edouard does not challenge the agency's determination that he is removable based on a conviction of an aggravated felony, we consider only Edouard's challenge to the agency's determination that he failed to demonstrate his eligibility for CAT relief.

The agency denied CAT relief, acknowledging evidence of the incarceration of returning deportees to Haiti and harsh prison conditions, but concluded that such conditions were not carried out "with the specific intent to inflict severe pain or suffering, or to otherwise defeat the purpose of the CAT." Edouard argues that the agency applied the wrong legal standard by requiring him to show that he would be tortured rather than just subject to a danger of torture. This argument raises a legal question as to whether the IJ applied the appropriate legal standard. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (explaining that we retain jurisdiction to determine whether the agency applied a legally erroneous standard); *see also* 8 C.F.R. § 1208.17 (setting forth a "more likely than not" standard for CAT claims). However, contrary to Edouard's argument,

3

both the IJ and the BIA cited the correct "more likely than not" standard.

Moreover, in discussing his argument, Edouard focuses on the level of harm he might suffer in a Haitian prison and the harshness of prison conditions without addressing the dispositive issue of whether the Haitian authorities have an intent to torture as required for CAT relief.  *See Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) (finding that, to be eligible for CAT relief based on a fear of torture in prison, the applicant must show that the alleged torturer would act with the "specific intent" to torture).  As in *Pierre*, Edouard's reliance on harsh conditions, absent any allegation of intent, is insufficient to demonstrate his CAT eligibility.  *Id*. at 111 (concluding that "[t]he failure to maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted intentionally rather than as a result of poverty, neglect, or incompetence").

Edouard's remaining argument, that the BIA improperly declined to consider evidence he submitted on appeal demonstrating the prevalence of cholera in Haitian prisons,

4

is without merit.  *See* 8 C.F.R. §§ 1003.1(d)(3)(iv) (prohibiting the BIA from engaging in independent factfinding other than "taking administrative notice of commonly known facts such as current events or the contents of official documents").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk