Yu v. Holder

BIA
Schoppert, IJ
A099 589 782

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges*.

_____

SHI JIE YU,
> *Petitioner*,

v.                                          10-1470
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          John Chang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Dana M.
                         Camilleri, Trial Attorney; Office of
                         Immigration Litigation, United

09232013-13

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Shi Jie Yu seeks review of an April 14, 2010, decision of the BIA, affirming the May 20, 2008, decision of Immigration Judge ("IJ") Douglas Schoppert, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Jie Yu*, No. A099 589 782 (B.I.A. Apr. 14, 2010), *aff'g* No. A099 589 782 (Immig. Ct. N.Y. City May 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Yu, a native and citizen of China, sought relief from removal based on her claim that she fears persecution because she has had more than one child in violation of

09232013-13

2

China's population control program.  As an initial matter, we lack jurisdiction to review the agency's pretermission of Yu's asylum application as untimely because her legal argument that she was not required to demonstrate that she filed her application within a reasonable time period after her changed circumstances is frivolous.  *See* 8 U.S.C. § 1158(a)(3); 8 U.S.C. § 1252(a)(2)(D); *see also* 8 C.F.R. § 1208.4(a)(4)(ii) (stating that "[t]he applicant shall file an asylum application within a reasonable period given [] 'changed circumstances'."); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

Additionally, for largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that Yu failed to demonstrate her eligibility for withholding of removal or CAT relief based on her violation of the family planning policy.  *See id.* at 158-72.  While the petitioners in *Jian Hui Shao* were from Fujian Province, Yu is from Zhejiang Province.  However, as with the evidence discussed in *Jian Hui Shao*, the evidence Yu submitted relating to Zhejiang Province is deficient because it does not discuss forced sterilizations.  *See id.* at 160-61, 171-72.

For the foregoing reasons, this petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk