14-2209
*Mustafaj v. Lynch*

BIA
Wright, IJ
A093 409 829

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand fifteen.

PRESENT:
>            JOSÉ A. CABRANES,
>            BARRINGTON D. PARKER,
>            DEBRA ANN LIVINGSTON,
>                 *Circuit Judges.*

_____

ALBAN MUSTAFAJ,
>            *Petitioner,*

>       v.                                      14-2209
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>            *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Sokol Braha, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director; John F. Stanton, Trial |

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, and DENIED in part.

Petitioner Alban Mustafaj, a native of the former Yugoslavia and citizen of Kosovo, seeks review of a June 4, 2014, decision of the BIA affirming a September 18, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alban Mustafaj,* No. A093 409 829 (B.I.A. Jun. 4. 2014), *aff'g* No. A093 409 829 (Immig. Ct. N.Y. City Sept. 18, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Mustafaj challenges the IJ's pretermission of his untimely asylum application, arguing that the IJ committed legal error and violated due process by determining that his credible testimony, alone, was insufficient to establish his date of entry into the United States.  We generally lack jurisdiction to review this determination, but we retain jurisdiction to review colorable constitutional claims and questions of law. 8 U.S.C. §§ 1158(a)(2)(B) and (a)(3), 1252(a)(2)(D); *see also* *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008) (providing claim must be colorable).  Even where testimony is credible, the agency may require corroboration.  *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000).

Mustafaj submitted evidence in an effort to establish a March 2006 entry date: a November 2005 application to open a bank account in Kosovo, airline ticket stubs that did not list the year they were used, and an affidavit from someone repeating what Mustafaj had told him.  It was not error for the IJ to consider this evidence in assessing whether Mustafaj established his date of entry, and in determining that this evidence did not establish entry in or after March 2006.  *Id.*

3

Mustafaj also challenges the weight the IJ accorded this documentary evidence. The weight attributed to evidence is a factual determination that we lack jurisdiction to review. *Boluk v. Holder*, 642 F.3d 297, 304 (2d Cir. 2011).

Turning to withholding of removal, an alien is eligible for such relief if it is more likely than not that his "life or freedom would be threatened in [the country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An alien who demonstrates past persecution benefits from a presumption that his life or freedom would be threatened in the future. 8 C.F.R. § 1208.16(b)(1)(i). "[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground," and it "does not encompass mere harassment." *Ivanishvili v. U.S. DOJ*, 433 F.3d 332, 341 (2d Cir. 2006). The agency reasonably concluded that the incidents of past harm did not rise to the level of persecution.

Mustafaj's claim stems from his employment as a bodyguard for Ramush Haradinaj, the leader of the Alliance for the Future of Kosovo, and his belief that supporters of the opposition

4

party, the Democratic Party of Kosovo, seek to harm him. Mustafaj testified that he received threatening phone calls and letters, he was pulled over by members of the Democratic Party and was told he would have been killed if he were not with his mother, and someone shot a gun at his home. These threatening incidents, however, do not constitute past persecution. *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) ("threats of persecution, no matter how credible, do not demonstrate past persecution").

Absent a presumption based on past persecution, it was Mustafaj's burden to show that it is more likely than not that he would be persecuted on account of his political opinion if he returned to Kosovo. 8 C.F.R. § 1208.16(b)(2). The agency did not err in finding that Mustafaj did not meet his burden. Mustafaj testified that he quit his job as a bodyguard in 2004, and the last time he was threatened by anyone was in 2004. Although Mustafaj argues that the 2004 death of one of Haradinaj's bodyguards shows that he, too, is in danger of harm, Mustafaj testified that he did not know whether the death was an accident and he did not know why this bodyguard was killed. It is therefore not clear that Mustafaj would be subject to a

5

similar fate simply because he had worked as a bodyguard in 2004. *See* 8 C.F.R. § 1208.16(b)(2) (providing an applicant can establish eligibility for withholding of removal by demonstrating a pattern or practice of persecution of a group of similarly situated persons). In addition, the death of one of eleven of Haradinaj's bodyguards does not establish that it is "more likely than not" that Mustafaj, too, will be similarly persecuted. *Id.*

For the foregoing reasons, the petition for review is DISMISSED in part, and DENIED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6