16-4077
Jiang v. Whitaker

BIA
Page, IJ
A072 375 217
A070 868 759

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand nineteen.

PRESENT:
      JON O. NEWMAN,
      DENNIS JACOBS,
      PIERRE N. LEVAL,
        *Circuit Judges.*
_____

XIU JIN JIANG, GUO ZHONG DONG,
      *Petitioners,*

      v.                      16-4077
                              NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

FOR PETITIONERS:      Thomas V. Massucci, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Xiu Jin Jiang and Guo Zhong Dong, natives and citizens of the People's Republic of China, seek review of a November 14, 2016, BIA decision that affirmed the October 3, 2014, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Xiu Jin Jiang*, *Guo Zhong Dong*, Nos. A072 375 217, A070 868 759 (B.I.A. Nov. 14, 2016), *aff'g* No. A072 375 217, A070 868 759 (Immig. Ct. N.Y. City Oct. 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Our jurisdiction is limited to colorable constitutional claims and questions of law because the lead applicant is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude. *See*

2

07102018-9

8 U.S.C. § 1252(a)(2)(C), (D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). Jiang does not raise any such arguments. We note that her challenge to the agency's denial of asylum and withholding of removal based on the birth of her children in the United States, allegedly in violation of China's family planning policy, which is the only claim she does not abandon, is foreclosed by *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-67 (2d Cir. 2008); *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). And we need not consider the agency's alternative basis for denying asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

3