Antonio-Gonzalez v. Garland

BIA
Ruehle, IJ
A206 437 338

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

RAMOS ANTONIO-GONZALEZ,
> *Petitioner*,

v.                                                                                  21-6401-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ramos Antonio-Gonzalez, a native and citizen of Guatemala, seeks review of a June 17, 2021, decision of the BIA affirming an October 25, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramos Antonio-Gonzalez,* No. A206 437 338 (B.I.A. June 17, 2021), *aff'g* No. A206 437 338 (Immigr. Ct. Buffalo Oct. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We lack jurisdiction to review Antonio-Gonzalez's challenge to the denial of his asylum claim as untimely, and we find that Antonio-Gonzalez has abandoned any challenge to the agency's adverse credibility determination, which was dispositive of withholding of removal and CAT relief.

## I. Asylum

An applicant is eligible for asylum only if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of [his] arrival in the United States." 8 U.S.C. §1158(a)(2)(B). An untimely application may be considered "if the alien demonstrates . . . changed circumstances which materially affect the applicant's eligibility for asylum," 8 U.S.C. §1158(a)(2)(D), and the application is filed "within a

2

reasonable period given those 'changed circumstances.'" 8 C.F.R. §1208.4(a)(4)(ii). Changed circumstances include, but are not limited to, "[c]hanges in conditions in the applicant's country of nationality" and "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum." 8 C.F.R. §§1208.4(a)(4)(i)(A)-(B).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law." 8 U.S.C. §1252(a)(2)(D); *see also* 8 U.S.C. §1158(a)(3); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (requiring "colorable" constitutional claim or question of law). Antonio-Gonzalez contends that "the BIA and the IJ erred in not considering" changed circumstances that would excuse his late filing. Pet's Br. at 14. The record reflects that the IJ did consider the evidence offered that Antonio-Gonzalez's father had been beaten, but he offered no evidence that the beating was related to his status as a worker in the United States. Furthermore, when asked directly by the IJ why he waited more than a decade to file his application, Antonio-Gonzalez did not assert that the trigger for filing the application was his father's beating; rather, he stated that he filed the application after he was arrested and detained by U.S. Immigration and Customs Enforcement. To the extent Antonio-Gonzalez argues that increasing gang violence constituted a change in circumstances excusing the untimely filing, this is a factual issue not subject to our review. *See* 8 U.S.C. §§1158(a)(3), 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006). Further, the IJ considered and did not ignore Antonio-Gonzalez's claim, in his asylum application, that he only learned a few months before filing his application that

3

gang members target those with connections to the United States.

Accordingly, the record belies Antonio-Gonzalez's argument that the agency ignored evidence of changed circumstances. Therefore, we dismiss the petition as to asylum because we lack jurisdiction to further review the agency's timeliness determination. *See* 8 U.S.C. §1158(a)(3); *Barco-Sandoval*, 516 F.3d at 40-41.

## II. Withholding of Removal and CAT Relief

Antonio-Gonzalez has waived any challenge to the agency's determination that he was not credible by not addressing the adverse credibility determination in his brief; accordingly, we do not reach it.[*] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (stating that petitioner abandons any claims not discussed in his brief). We deny the petition in remaining part because the adverse credibility determination was dispositive of withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[*] We note that the agency relied on inconsistencies in the record regarding whether and why Antonio-Gonzalez's father was attacked in Guatemala. *See* 8 U.S.C. §1158(b)(1)(B)(iii) (credibility standard); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").